## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER L. ELDER,
          Appellant,

    v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-0752-15-0171-X-1

DATE: November 18, 2022


## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher L. Elder</u>, Norman, Oklahoma, pro se.

<u>David W. Vernon</u>, Esquire, Tinker Air Force Base, Oklahoma, for the
    agency.


### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


### FINAL ORDER

On April 25, 2017, the administrative judge issued a compliance initial decision finding the agency in partial noncompliance with the Board's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

November 22, 2016 Opinion and Order in the appellant's underlying removal appeal. *Elder v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0171-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2　　On November 22, 2016, the Board issued an Opinion and Order affirming a December 8, 2015 initial decision that reversed the appellant's removal, as modified to apply the correct legal standard for analyzing the appellant's affirmative defense that the agency removed him in retaliation for protected activity. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12 (2016). The Board ordered the agency to cancel the appellant's removal and reinstate him, effective December 18, 2014, and to provide him with appropriate back pay, interest, and benefits. *Id.* at ¶¶ 48-49.

¶3　　The appellant filed a petition for enforcement of the Opinion and Order, and on April 25, 2017, the administrative judge issued a compliance initial decision finding the agency in partial noncompliance with the Opinion and Order because the agency failed to establish that it provided the appellant with the back pay, interest, and benefits required by the Opinion and Order. CID at 4-5; CF, Tab 1. The administrative judge ordered the agency to submit evidence demonstrating that it correctly computed and paid the appellant's back pay, interest, and benefits, and evidence explaining the agency's calculations of the back pay, interest, and benefits due to the appellant. CID at 5.

¶4　　On May 31, 2017, the agency submitted a response to the compliance initial decision, which did not contain all of the evidence required by the compliance initial decision. *Elder v. Department of the Air Force*, MSPB Docket No. DA-0752-15-0171-X-1, Compliance Referral File (CRF), Tab 1. On September 15, 2017, the Board issued an order directing the agency to submit a

detailed narrative explanation and supporting documentation demonstrating that the agency had correctly computed and paid the appellant's back pay, interest, and benefits. CRF, Tab 3 at 2-3. The Board informed the appellant that if he did not file a response within 21 days of the date of service of the agency's submission, the Board might assume he was satisfied and dismiss his petition for enforcement. *Id.* at 3-4.

¶5 On September 20, 2017, the agency submitted a response to the Board's order, which did not include all of the evidence and information required by the Board's September 15, 2017 Order. CRF, Tab 4 at 4-27. The appellant did not respond to the agency's submission.

¶6 On January 17, 2018, the Board issued a second order directing the agency to submit a detailed narrative explanation and supporting documentation demonstrating that the agency had correctly computed and paid the appellant's back pay, interest, and benefits. CRF, Tab 5 at 4-6. Again, the Board informed the appellant that if he did not file a response within 21 days of the date of service of the agency's submission, the Board might assume he was satisfied, and dismiss his petition for enforcement. *Id.* at 7.

¶7 After requesting and being granted an extension of time, on February 23, 2018, the agency submitted the declaration of a Branch Chief for Civilian Pay Operations at the Defense Finance and Accounting Service (DFAS), which provided a detailed narrative explanation of the DFAS's calculation of the back pay, interest, and benefits due to the appellant, referenced supporting documentation relied on by the DFAS, and identified the total amount of back pay with interest and benefits provided to the appellant, and the dates on which either the DFAS or the agency provided the appellant with the back pay, interest, and benefits. CRF, Tab 10 at 5-13. The appellant did not file a response to this submission, although the Board's September 15, 2017 and January 17, 2018 Orders informed him that if he failed to do so, the Board might assume he was satisfied and dismiss the petition for enforcement. CRF, Tab 3 at 3-4, Tab 5 at 7.

¶8        Accordingly, because the agency has filed evidence of compliance and the appellant has not responded, we assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.